No. 2238.—Succession of C. H. MILLAUDON.—On opposition of MAT-
THIAS SCHUMERT to Executor's Account.

A judgment of the probate court, declaring a seizure of succession property null, on the ground that nothing tangible had been seized, is conclusive against the seizing creditor, and the probate court is competent to pass on the merits of an opposition to a tableau filed by the seizing creditor, notwithstanding an appeal is pending from the judgment declaring the seizure null.

APPEAL from Second District Court of New Orleans. *Duvigneaud*, J. John S. *Tully*, for opponent, appellant. C. *Dufour*, for executor, appellee.

TALIAFERRO, J.   C. H. Millaudon, son of Philip Millaudon, who died before the son, and whose widow married Adolphe Tamboury, left a will by which he gave to his mother one-fourth of his estate, one-fourth to his step-father, Adolphe Tamboury, one-fourth to the minor sisters of the testator, and one-fourth to his widow. Tamboury renounced the legacy, and the fourth part bequeathed to him went to the minor sisters. Generes, under tutor to these minors, children of Mrs. Tamboury, by her first husband, brought suit for the minors against her as tutrix, and on the seventh January, 1869, obtained judgment for $15,305 58 with interest, recognition of tacit mortgage, etc., against the property of both Mrs. Tamboury and her husband. On the same day process of garnishment was taken by Generes, under tutor, against Adolphe Tamboury, the executor, upon an execution issued upon that judgment. The executor was cited, and answered on the ninth of January. A sale was made by the sheriff of all the right, title and interest of Mrs. Tamboury in the succession of C. H. Millaudon, and it was bought by the under tutor. The act of sale was registered in the conveyance office. The judgment was recorded in the mortgage office the twelfth of January.

Schumert, the opponent in this case, as assignee of Docteur, who held a judgment against Tamboury and his wife, issued execution on the sixteenth of December, 1868, and the sheriff returned that he had seized, on the nineteenth of that month, "all the rights, title and interest of the defendants in and to the succession of C. H. Millaudon, as well as all

of said defendant's interest in and to the property and effects of said succession." Notices of this seizure were served within a few days afterwards upon the clerk of the Second District Court, the two executors, and also on A. Tamboury, administrator of the succession of C. H. Millaudon. A sale of the property thus purporting to have been seized was advertised. An injunction was taken out, and a rule served upon the seizing creditor to show cause why the seizure should not be annulled and set aside. It was annulled on trial of the rule, on the ground that Tamboury had made a surrender of his property, and had placed Schumert on his bilan as a creditor; that no proceedings could legally be taken against the insolvent by seizure of his property; that in point of fact, no valid seizure had been made, for the reason that the sheriff had seized nothing tangibly or constructively. From this judgment the defendant in rule appealed to this court. The appeal was dismissed, on the ground that there was nothing showing the value of the rights seized, nor anything authorizing this court to take jurisdiction of the matter.

On the first February, 1869, the executor filed his account, and Schumert presented an opposition to it on the sixth of that month. He alleges that the executor has failed to place the claim of himself and wife on the account filed by him in its proper position or rank; the opponent averring that he had taken a suspensive appeal from the judgment annulling his seizure, and that the interest and those of his debtors in the succession of Millaudon were subject to the seizure, and that his claim should have been set down upon the account as entitled to privilege by virtue of the seizure.

The opposition was dismissed, and the opponent has appealed.

This opposition, it will be observed, was filed and acted upon by the lower court prior to the dismissal by this court of the opponent's appeal from the judgment annulling the seizure averred by him to have been made of the interest of his debtors in the succession of Millaudon.

We think the judgment rendered between the parties on the issue relating to the seizure made by the appellant precludes further controversy on his part as to the privilege claimed by virtue of the alleged seizure. With this view of the case, we conclude the decree of the lower court should not be disturbed.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.

Rehearing refused.

Justices Howell and Wyly absent.